NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMED TECHNOLOGIES CORPORATION,**
*Appellant*

**v.**

**REPRO-MED SYSTEMS, INC.,**
*Appellee*

---

2017-1547

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-01920.

---

Decided: April 3, 2018

---

JOHN B. THOMAS, Hicks Thomas LLP, Houston, TX, for appellant. Also represented by WILLIAM PETERSON RAMEY, III, Ramey & Schwaller, LLP, Houston, TX.

JAMES GORDON SAWTELLE, Sherman & Howard LLC, Denver, CO, for appellee. Also represented by CHRISTOPHER MICHAEL JACKSON, PETER G. KOCLANES; DANIEL ROBERTS, Law Offices of Daniel W. Roberts, LLC, Superior, CO.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

EMED Technologies Corporation ("EMED") appeals from the final written decision of the U.S. Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("the Board") in an *inter partes* review ("IPR") proceeding concluding that claims 1–8 and 10 of its U.S. Patent 8,961,476 ("the '476 patent") are unpatentable. *See Repro-Med Sys., Inc. v. EMED Techs. Corp.*, IPR 2015-01920, 2017 WL 378978, at \*1–2 (P.T.A.B. Jan. 12, 2017) ("*Decision*"). Because the Board did not err, we *affirm*.

## BACKGROUND

EMED owns the '476 patent, which discloses various devices that "provide protection to eliminate needle stick injuries when using needles associated with subcutaneous fluid administration as well as access to implanted ports." '476 patent col. 4 ll. 37–40. Claim 1 is illustrative and reads in part:

> 1. A device for protecting a user from a sharp tip of a medical needle, the device comprising:
>
> > a central body portion;
> >
> > the medical needle having a first end . . . , and a second end . . . ;
> >
> > a pair of wings, . . . the inner region of each wing *in attachment to* the central body portion . . . , the pair of wings disposed in opposition to one another with the medical needle positioned therebetween, . . . where the wings in the open position are spaced apart from each other . . . ;
> >
> > a mechanical fastener . . . ;

>the mechanical fastener including a *lip* extending along at least a portion of a perimeter of at least one wing . . . .

*Id.* col. 13 l. 33–col. 14 l. 22 (emphases added).

Repro-Med Systems, Inc. ("Repro") filed a petition for IPR of claims 1–10 of the '476 patent, challenging them on various overlapping anticipation and obviousness grounds. The Board instituted review of all the challenged claims on the following grounds: claim 1 as anticipated by Japanese Patent Application Publication H9-66106 ("Harada"); claims 1, 5, and 7 as anticipated by U.S. Patent 4,944,731 ("Cole"); claims 1 and 7–9 as anticipated by U.S. Patent 5,147,319 ("Ishikawa"); claims 2–4 as obvious over Harada and U.S. Patent 6,911,020 ("Raines"); claim 5 as obvious over Harada and Cole; claims 8 and 10 as obvious over Harada and U.S. Patent 6,500,155 ("Sasso"); and claims 8 and 9 as obvious over Harada and Ishikawa.

In its institution decision, the Board construed, *inter alia*, the limitation "in attachment to" as encompassing indirect attachment through an intermediary structure based on its ordinary meaning, and the limitation "lip" as "a rounded, raised, or extended piece along an edge" according to its ordinary meaning and citing a dictionary definition. J.A. 533, 535.

In its final written decision, the Board determined that claims 1–8 and 10 were unpatentable on all the instituted grounds but determined that claim 9 was not unpatentable on either of the instituted grounds. *Decision*, 2017 WL 378978, at *37. Claim 9 is not at issue in this appeal. In reaching its decision on the other claims, the Board maintained its construction of the relevant claim limitations from the institution decision. *Id.* at *6–7, *9–10. The Board also denied EMED's motion to amend the claim as it determined that Harada, Cole, and

Ishikawa each would still anticipate the proposed amended claim. *Id.* at *33–35.

EMED timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual findings for substantial evidence and its legal determinations *de novo*. *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 747, 751 (Fed. Cir. 2016). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). In IPR proceedings, the Board gives claim limitations their broadest reasonable interpretation in light of the claim language and specification. *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142–46 (2016).

Anticipation is a question of fact that we review for substantial evidence. *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 958 (Fed. Cir. 2016). Obviousness is a question of law based on underlying factual findings relating to "the scope and content of the prior art, differences between the prior art and the claims at issue, the level of ordinary skill in the pertinent art, and any objective indicia of non-obviousness." *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013) (citation omitted).

On appeal, EMED argues that the Board incorrectly identified the field of art as the field of general product design rather than "the field of protection from sharp needles in the medical field." Appellant's Br. 16. EMED further contends that the Board erred in construing "in attachment to" as encompassing indirect attachment through an intermediate structure and "lip" as encompassing a flap, by relying on a non-contemporaneous dictionary definition, which resulted in the incorrect decision of unpatentability. EMED also argues that the

Board erred in finding that Harada teaches the wings being "spaced apart" when in the open position, and in finding that Ishikawa teaches the medical needle "positioned therebetween." EMED further argues that the Board erred in finding that Cole teaches the wings of "rectangular shape" as required in claim 7. EMED also contends that the Board failed to sufficiently articulate a motivation to combine in its obviousness analysis and erred in denying EMED's motion to amend.

Repro responds that the Board did not err in its determinations of the relevant field of art or the level of a person of ordinary skill in the art, and that those were supported by substantial evidence. Repro further argues that the Board's interpretation of "in attachment to" and "lip" was consistent with the ordinary meaning of the limitations and was not in error under the broadest reasonable interpretation standard. Based on the Board's correct claim construction, Repro contends that the Board's anticipation and obviousness determinations on claims 1–8 and 10 were not in error and were supported by substantial evidence. Repro finally argues that the Board did not err in denying EMED's motion to amend because the amended claim would still be unpatentable.

We agree with Repro that the Board did not err in its claim construction, anticipation and obviousness determinations, or denial of EMED's motion to amend. First, we reject EMED's assertion that the relevant field of art was limited to the narrow field identified by EMED, and at any rate, the Board neither unduly narrowed the relevant field nor made its decision relying on an identification of a narrow field of art.

We also reject EMED's contention that the Board erred in its claim construction. The Board properly determined that the broadest reasonable interpretation of "in attachment to" does not preclude having an intermediary structure between "the inner region of each wing"

and "the central body portion." Also, the Board properly read "lip" in accordance with its broadest reasonable interpretation, and we discern no error in its reference to a dictionary definition, which was only confirmatory and provided additional support.

We also conclude that the Board's unpatentability determinations on claims 1–8 and 10 were not in error. First, the Board's findings of the references' teachings were supported by substantial evidence. The Board analyzed each of the references in great detail and made findings of their teachings, under its claim construction and even assuming EMED's narrow claim construction. Furthermore, contrary to EMED's contention, the Board provided reasoning for concluding that the claims would have been obvious upon reviewing the parties' arguments and crediting Repro's expert testimony regarding the understanding of the references by a person of ordinary skill in the art. We find no error.

We also find no error in the Board's denial of EMED's motion to amend claim 1 to recite "direct attachment." The Board's unpatentability determination did not turn on exclusion of indirect attachment from the construed scope of "in attachment to" because the Board had already made findings even assuming EMED's narrow claim construction requiring "direct attachment." As such, the Board properly concluded that EMED's proposed amended claim would not be patentable over the references' teachings as found by the Board, which were supported by substantial evidence.

We have considered EMED's remaining arguments but find them unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**